IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FISCHER,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF FRESNO;<br>FRESNO COUNTY JAIL;<br>FRESNO COUNTY SHERIFF'S<br>DEPARTMENT; and<br>OFFICER NEWELL,<br><br>    Defendants. | No. 1:06-CV-1087-CKJ<br><br>**ORDER** |

On October 13, 2009, Plaintiff William Fischer, who is confined in the Avenal State Prison, Avenal, California, filed a First Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 [Doc. #38]. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* [Doc. #40]. Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6) [Doc. #41]. The Court will dismiss the Complaint with prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. #40] will be granted. Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $22.74. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the

appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court

must assess whether there are other "more likely explanations" for a defendant's conduct. *Iqbal*, 129 S.Ct. at 1951.

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III.     Complaint

In his one-count First Amended Complaint, Plaintiff sues Defendants County of Fresno, Fresno County Jail, Fresno County Sheriff's Department, and Officer Newell.

Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff contends that on May 21, 2006, he "and one other inmate (both white 'skinheads') were assaulted by a large number (20-25) Hispanic (Bulldogs)." First Amended Compl. at 4. After the alleged incident, Plaintiff claims that he spoke with an Officer Newell who informed him that there was an alleged war between the Bulldogs and the Skinheads in the prison system. *Id.* Plaintiff asserts that he has appealed this issue, but has not received any response from the jail.

In his Request for Relief, Plaintiff seeks monetary damages and court costs.

## IV.     Failure to State a Claim

### A.     Failure to Link Defendants with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation

1  or that the supervisory official was aware of widespread abuses and, with deliberate
2  indifference to the inmate's constitutional rights, failed to take action to prevent further
3  misconduct. *See Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996); *Taylor v.
4  List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987);
5  *see also Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92
6  (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
7  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
8  does not impose liability. *Monell*, 436 U.S. at 691-92; *Taylor*, 880 F.2d at 1045. Moreover,
9  a municipality or other local government unit can only be held liable if there is "an official
10 municipal policy of some nature [which] caused a constitutional tort." *Monell*, 436 U.S. at
11 691; *See also Tanner v. Heise*, 879 F.2d 572, 582 (9th Cir. 1989).

12         Plaintiff's First Amended Complaint again fails to allege that any prison supervisory
13 official personally participated in a constitutional deprivation or that such an official was
14 aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional
15 rights, failed to take action to prevent further misconduct, or that the official formed policies
16 that resulted in Plaintiff's injuries. Moreover, Plaintiff does not allege an official municipal
17 policy which caused a constitutional tort. Thus, Plaintiff has failed to state a claim against
18 Defendants County of Fresno, Fresno County Jail and Fresno County Sheriff's Department.
19 Therefore, the Court will dismiss these Defendants, with prejudice.

20         **B.     Failure to State a Claim**

21         A prison official violates the Eighth Amendment in failing to protect an inmate only
22 when two conditions are met. First, the alleged constitutional deprivation must be,
23 objectively, "sufficiently serious"; the official's act or omission must result in the denial of
24 "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834
25 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he
26 must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate
27 indifference" in this context, the Supreme Court has imposed a subjective test: "the official
28 must *both* be aware of the facts from which the inference could be drawn that a substantial

risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). A merely negligent failure to protect an inmate is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Plaintiff has not stated sufficient facts to demonstrate that any prison official acted with deliberate indifference. Although Plaintiff named Officer Newell in his suit, the only facts alleged regarding Officer Newell were that he asked Plaintiff (1) why Plaintiff was housed in Unit 5-B, and (2) whether or not Plaintiff knew that there was an alleged war in the prison system between the Hispanic "Bulldogs" and White "Skinheads." Plaintiff has failed to allege any facts which demonstrate that the "original classification staff was negligent and deliberately indifferent to petitioner's health and safety." First Amended Compl. at 4. Not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977. As such, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court will dismiss Officer Newell.

## V.     Dismissal without Leave to Amend

As no Defendants now remain, the Court will dismiss the Amended Complaint. Leave to amend need not be given if a complaint as amended is subject to dismissal. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Moreover, where amendment would be futile, there is no

reason to prolong litigation by allowing further amendments. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir.2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be permitted).

Plaintiff's Amended Complaint suffers from the same deficiencies the Court identified in Plaintiff's original Complaint. Accordingly, the Court finds that further amendment would be futile and will dismiss the Amended Complaint without leave to amend.

**VI.   Motion to Dismiss**

The dismissal of the First Amended Complaint moot any dispositive motions. Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6) [Doc. #41] will be denied as moot.

Accordingly, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. #40] is GRANTED;

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $22.74;

(3)   The First Amended Complaint [Doc. #38] and this action are DISMISSED for failure to state a claim upon which relief may be granted and the Clerk of the court **must enter judgment** accordingly;

(4)   Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6) [Doc. #41] is DENIED AS MOOT; and

(5)   The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 24th day of November, 2009.

_____
Cindy K. Jorgenson
United States District Judge

- 6 -